**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 118882



## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| Lynette Rogers, | Case No: |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| Second Round, L.P., | JURY TRIAL DEMANDED |
| Defendant. | |

Lynette Rogers (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Second Round, L.P. (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1.      This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

### JURISDICTION AND VENUE

2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.      At all relevant times, Defendant conducted business within the State of Texas.

## PARTIES

5.      Plaintiff Lynette Rogers is an individual who is a citizen of the State of New York residing in Kings County, New York.

6.      Plaintiff is a natural person allegedly obligated to pay a debt.

7.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8.      On information and belief, Defendant Second Round, L.P., is a Texas Limited Partnership with a principal place of business in Travis County, Texas.

9.      Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10.     Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11.     The principal purpose of Defendant's business is the collection of such debts.

12.     Defendant uses the mails in its debt collection business.

13.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS SPECIFIC TO PLAINTIFF

14.     Defendant alleges Plaintiff owes a debt ("the alleged Debt").

15.     The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

16.     The alleged Debt does not arise from any business enterprise of Plaintiff.

17.     The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

18.     At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

19.     At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

20.     In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by letter ("the Letter") dated December 5, 2019. (A true and accurate copy is annexed hereto as **"Exhibit 1."**)

21.     The Letter conveyed information regarding the alleged Debt.

2

22.     The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

23.     The Letter was the initial written communication Plaintiff received from Defendant concerning the alleged Debt.

24.     The Letter was received and read by Plaintiff.

25.     15 U.S.C. § 1692g protects Plaintiff's concrete interests. Plaintiff has the interest and right to receive a clear, accurate and unambiguous validation notice, which allows a consumer to confirm that he or she owes the debt sought to be collected by the debt collector. As set forth herein, Defendant deprived Plaintiff of this right.

26.     15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendant deprived Plaintiff of this right.

27.     The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

## FIRST COUNT
### Violation of 15 U.S.C. § 1692g(a)(1)

28.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

29.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

30.     As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

31.     To comply with 15 U.S.C. § 1692g(a)(1), a statement of "the amount of the debt" must accurately state the amount of the debt.

32.     A statement of "the amount of the debt," when the debt is not owed at all by the consumer, violates 15 U.S.C. § 1692g(a)(1).

33.     The Letter claims that Plaintiff owed $397.85.

34.     Plaintiff did not owe $397.85.

35.     Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect.

36.     Defendant's statement of the amount of the alleged Debt, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, violates 15 U.S.C.

§ 1692g(a)(1).

37.    For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g(a)(1) and is liable to Plaintiff therefor.

## SECOND COUNT
### Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

38.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

39.    15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

40.    An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

41.    An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

42.    An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

43.    15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

44.    An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

45.    An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

46.    An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

47.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

Barshay Sanders PLLC

4

48.     An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

49.     An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive means used in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

50.     The Letter alleges that Plaintiff owed $397.85.

51.     Plaintiff did not owe $397.85.

52.     Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect.

53.     Defendant's allegation that Plaintiff owed $397.85, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a false representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

54.     Defendant's allegation that Plaintiff owed $397.85, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a deceptive representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

55.     Defendant's allegation that Plaintiff owed $397.85, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a misleading representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

56.     Defendant's allegation that Plaintiff owed $397.85, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a false representation of the character of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

57.     Defendant's allegation that Plaintiff owed $397.85, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a false representation of the amount of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

58.     Defendant's allegation that Plaintiff owed $397.85, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a false representation of the legal status of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

Barshay Sanders PLLC

5

59.     Defendant's allegation that Plaintiff owed $397.85, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

60.     Defendant's allegation that Plaintiff owed $397.85, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a deceptive means used in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

61.     For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

### THIRD COUNT
### Violation of 15 U.S.C. § 1692g(a)(2)

62.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

63.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

64.     As relevant here, 15 U.S.C. § 1692g(a)(2) requires the written notice provide "the name of the creditor to whom the debt is owed."

65.     To comply with 15 U.S.C. § 1692g(a)(2), the written notice must accurately state "the name of the creditor to whom the debt is owed."

66.     A statement of "the name of the creditor to whom the debt is owed," when the consumer does not any money at all to the stated entity, violates 15 U.S.C. § 1692g(a)(2).

67.     The Letter claims the name of the creditor to whom the alleged Debt is owed is Second Round L.P. dba Third Round L.P.

68.     Plaintiff did not owe the alleged Debt to Second Round L.P. dba Third Round L.P.

69.     Second Round L.P. dba Third Round L.P never offered to extend credit to Plaintiff.

70.     Second Round L.P. dba Third Round L.P never extended credit to Plaintiff.

71.     Plaintiff was never involved in any transaction with Second Round L.P. dba Third Round L.P.

72.     Plaintiff never entered into any contract with Second Round L.P. dba Third Round L.P.

73.     Plaintiff never did any business with Second Round L.P. dba Third Round L.P.

6

74.     Plaintiff was never indebted to Second Round L.P. dba Third Round L.P.

75.     Second Round L.P. dba Third Round L.P is a stranger to Plaintiff.

76.     Defendant's statement that Second Round L.P. dba Third Round L.P is "the name of the creditor to whom the debt is owed," when Second Round L.P. dba Third Round L.P is not the name of the creditor to whom the alleged Debt is owed, violates 15 U.S.C. § 1692g(a)(2).

77.     For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g(a)(2) and is liable to Plaintiff therefor.

**FOURTH COUNT**
**Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)**

78.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

79.     15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

80.     An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

81.     An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

82.     An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

83.     15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

84.     An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

85.     An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

Barshay Sanders PLLC

86. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

87. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

88. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation made in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

89. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a deceptive means used in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

90. The Letter claims that Plaintiff owes a debt to Second Round L.P. dba Third Round L.P.

91. Plaintiff did not owe a debt to Second Round L.P. dba Third Round L.P.

92. Second Round L.P. dba Third Round L.P never offered to extend credit to Plaintiff.

93. Second Round L.P. dba Third Round L.P never extended credit to Plaintiff.

94. Plaintiff was never involved in any transaction with Second Round L.P. dba Third Round L.P.

95. Plaintiff never entered into any contract with Second Round L.P. dba Third Round L.P.

96. Plaintiff never did any business with Second Round L.P. dba Third Round L.P.

97. Plaintiff was never indebted to Second Round L.P. dba Third Round L.P.

98. Second Round L.P. dba Third Round L.P is a stranger to Plaintiff.

99. Defendant's allegation that Plaintiff owed a debt to Second Round L.P. dba Third Round L.P, when Plaintiff did not owe a debt to Second Round L.P. dba Third Round L.P, is a false representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

100. Defendant's allegation that Plaintiff owed a debt to Second Round L.P. dba Third Round L.P, when Plaintiff did not owe a debt to Second Round L.P. dba Third Round L.P, is a deceptive representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

101.    Defendant's allegation that Plaintiff owed a debt to Second Round L.P. dba Third Round L.P, when Plaintiff did not owe a debt to Second Round L.P. dba Third Round L.P, is a misleading representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

102.    Defendant's allegation that Plaintiff owed a debt to Second Round L.P. dba Third Round L.P, when Plaintiff did not owe a debt to Second Round L.P. dba Third Round L.P, is a false representation of the character of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

103.    Defendant's allegation that Plaintiff owed a debt to Second Round L.P. dba Third Round L.P, when Plaintiff did not owe a debt to Second Round L.P. dba Third Round L.P, is a false representation of the amount of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

104.    Defendant's allegation that Plaintiff owed a debt to Second Round L.P. dba Third Round L.P, when Plaintiff did not owe a debt to Second Round L.P. dba Third Round L.P, is a false representation of the legal status of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

105.    Defendant's allegation that Plaintiff owed a debt to Second Round L.P. dba Third Round L.P, when Plaintiff did not owe a debt to Second Round L.P. dba Third Round L.P, is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

106.    Defendant's allegation that Plaintiff owed a debt to Second Round L.P. dba Third Round L.P, when Plaintiff did not owe a debt to Second Round L.P. dba Third Round L.P, is a deceptive means used in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

107.    Defendant's demand that Plaintiff make payment for a debt that she does not owe is a false representation made to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

108.    Defendant's request that Plaintiff make payment for a debt that she does not owe is a deceptive means used to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

109.    For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

## JURY DEMAND

110.    Plaintiff hereby demands a trial of this action by jury.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE** Plaintiff respectfully requests judgment be entered:

     a.  Finding Defendant's actions violate the FDCPA; and

     b.  Granting damages against Defendant pursuant to 15 U.S.C. § 1692k; and

     c.  Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

     d.  Granting Plaintiff's costs; all together with

     e.  Such other relief that the Court determines is just and proper.

DATED: April 17, 2020



                                         **BARSHAY SANDERS, PLLC**

                                         By:   /s/ *Craig B. Sanders*
                                         Craig B. Sanders, Esquire
                                         100 Garden City Plaza, Suite 500
                                         Garden City, New York 11530
                                         Tel: (516) 203-7600
                                         Fax: (516) 706-5055
                                         csanders@barshaysanders.com
                                         *Attorneys for Plaintiff*
                                         Our File No.: 118882